UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEONARD M. HICKMAN #577165,

        Plaintiff,

v.

HEIDI E. WASHINGTON, et al.,

        Defendants.
_____/

Case No. 2:22-cv-00232

Hon. Robert J. Jonker
U.S. District Judge

# REPORT AND RECOMMENDATION

## I. Introduction

This Report and Recommendation (R&R) addresses Defendants' motion for summary judgment due to Plaintiff's failure to exhaust his administrative remedies. (ECF No. 19.)

State prisoner Leonard Hickman filed a verified complaint under 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment rights by causing him to contract the COVID-19 virus. Plaintiff says Defendants failed to separate COVID-19 positive prisoners or to take other mitigating measures to prevent the spread of the virus at the Marquette Branch Prison (MBP). (ECF No. 1.)

The Court dismissed some Defendants and some claims in its screening opinion. (ECF Nos. 6, 7.) The remaining Defendants are MBP Warden Huss, Assistant Residential Unit Supervisor (ARUS) Johnson, and Unknown Parties 1, 2

and 3. Plaintiff's Eighth Amendment deliberate indifference claims for damages against these Defendants remain in the case. (ECF No. 6, PageID.84 (Opinion).)

Defendants argue that Hickman failed to exhaust his administrative remedies by filing a grievance against them through Step III of the grievance process. Hickman has responded by showing that when he filed a Step I grievance against the ARUS and the Warden for violating his rights by failing to quarantine COVID-19 positive prisoners, his grievance was rejected as non-grievable. In the opinion of the undersigned, a genuine issue of material fact exists on the issue of exhaustion (1) because Hickman's grievance was rejected as presenting a non-grievable issue, and (2) because Defendants have failed to show that other available administrative remedies existed at MBP. Accordingly, it is respectfully recommended that the Court deny Defendants' motion for summary judgment.

**II. Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury[1] or whether it is so one-sided that one

---

[1] The Seventh Amendment does not always require courts to submit factual disputes about exhaustion to a jury. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015). If the factual disputes about exhaustion do not overlap with the merits of the plaintiff's substantive claims, then the court may conduct a bench trial to resolve the exhaustion issue. *Richards v. Perttu*, No. 22-1298, 2024 WL 1172634, at *8 (6th Cir.

party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is

---

Mar. 19, 2024). In a bench trial on exhaustion, the defendants must show that the plaintiff failed to exhaust his administrative remedies by a preponderance of the evidence. *Willey*, 789 F.3d at 677 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)) ("Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence.").

inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. In the Court's view, this objective was achieved in three ways. First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id*. at 525. Second, "the internal review might 'filter out some frivolous claims.'" *Id*. (quoting *Booth*, 532 U.S. at 737*)*. And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id*. When institutions provide adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 1:07-cv-004, 2007 WL 3244075, *5 (W.D. Mich., Nov. 1, 2007).

The most common procedure through which a prisoner in MDOC custody exhausts his administrative remedies is the grievance procedure set forth in Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 (effective on March 18, 2019). According to the Policy Directive inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id*. at ¶ Q. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id*. at ¶¶ Q, W. The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id*. at ¶ Y. The Policy

Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ S (emphasis in original).

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶ DD. The respondent at Step II is designated by the policy. *Id.* at ¶ FF.

If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II.

Where the grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required. It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust

6

administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well known proverb states, they cannot have their cake and eat it too.").

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id.* at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id.* at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[2]

---

[2] In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." *Id.* at 596. For

## IV. Analysis

Defendants argue that Hickman failed to exhaust his administrative remedies by appealing a grievance against them raising the issues asserted in his complaint through Step III of the grievance process. Hickman has shown, however, that he had no available means to exhaust his claims. Hickman filed a Step I grievance in MBP 20-1101-630-27b that raised the issues that he asserted in his complaint regarding COVID-19. That grievance was rejected as presenting a non-grievable issue. The Step I grievance and associated response are shown below.

[Grievance form image: Michigan Department of Corrections Prisoner/Parolee Grievance Form. Date Received at Step I: 11-2-2020. Grievance Identifier: MBP2011196302781. Name: Leonard Hickman, Number: 577165, Institution: MBP, Lock Number: G-B19, Date of Incident: 10-21-20, Today's Date: 10-31-20. Handwritten content: "On 10-20-20, I reached out to the ARUS about why inmates were not quarinteened & allowed to infect other inmates. Also, I talked to the warden & she said that everyones going get infected tough it out." Problem statement: "With a lack of concern for inmate safety, staff (warden, deputy warden etc) ignored policies & recommendations from MDHHS that inmates must be moved & quarinteened within 72 hours of a positive covid-19 test. Inmates were left in general population as well as allowed to pass out food trays infecting the rest of the population. Thru the wardens lack of concern for the spread of this virus my life was in danger & my life was risked depending on my bodys response. Staff was incompentant in protecting my health & well being. I want financial compensation for failure to protect."]

(ECF No. 21-1, PageID.146.)

---

example, grieving a doctor about his failure to give cardiac catheterization did not grieve the claim that the doctor erred by not prescribing Ranexa.

8

> RESPONSE (Grievant Interviewed?) ☐ Yes ☒ No If No, give explanation. If resolved, explain resolution.)
>
> Your grievance is being rejected because you are grieving the content of PD 03.02.130 *Prisoner/Parolee Grievances* (E) "Grievances may be submitted regarding alleged violations of policy or procedure or unsatisfactory conditions of confinement which directly affect the grievant" which is a non-grievable issue according to PD 03.02.130 *Prisoner/Parolee Grievances*. It is not specific to you but rather the prison population as a whole. Grievance rejected according to policy.
>
> Respondent's Signature / Glenn Caron — 11-3-2020 — Grievance Coordinator
> Reviewer's Signature / D Viitala — 11-4-2020 — A/ADW
>
> Date Returned to Grievant: 11-4-2020
>
> Exh. # 3

(Id.)

Defendants' brief asserts that Hickman failed to exhaust any grievance through the three-step grievance process, and, therefore, that he failed to exhaust his administrative remedies. (ECF No. 20, PageID.125-26.) The undersigned agrees that Hickman failed to go through all three steps of the MDOC's grievance process. That point is not in dispute. But, as shown above, the MDOC's response to Hickman's Step I grievance *informed Hickman that the grievance process was not the right means to address his issue.* The MDOC's response created a "Catch-22" situation[3] for Mr. Hickman. The MDOC initially told him that he could not grieve this issue; and now Defendants argue that his case should be dismissed because he failed to file grievance through Step III of the process.

In the opinion of the undersigned, Defendants have not shown that a legitimate route to administrative exhaustion was available to Hickman and that he failed to

---

[3] "[A] problematic situation for which the only solution is denied by a circumstance inherent in the problem or by a rule the show-business *catch-22*—no work unless you have an agent, no agent unless you've worked." *See* https://www.merriam-webster.com/dictionary/catch-22 (last visited Oct. 2, 2024).

take it.  Therefore, the undersigned concludes that a genuine issue of material fact remains on the issue of exhaustion.

## V. Recommendation

Accordingly, the undersigned respectfully recommends that this Court deny Defendants' motion for summary judgment.

Dated:   October 3, 2024                    /s/ *Maarten Vermaat*
                                            MAARTEN VERMAAT
                                            U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).